**\*E-FILED 10/4/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHOK LAL,<br><br>        Plaintiff,<br>   v.<br><br>AMERICAN AIRLINES,<br><br>        Defendant.<br>_____ / | NO. 5:05-cv-3080 RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AND FOURTH CLAIMS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Defendant American Airlines ("American") moves to dismiss the third and fourth claims set forth in the first amended complaint filed by plaintiff Ashok Lal ("Lal") on the grounds that the alleged facts fail to state claims for either intentional or negligent infliction of emotional distress. Lal opposes the motion and contends that he has advanced cognizable legal theories supported by sufficient facts for both claims for relief. The motion was fully briefed and heard by the Court on September 21, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants American's motion to dismiss Lal's third and fourth claims with leave to amend for the reasons set forth below.

## II. BACKGROUND

American hired Lal as a Fleet Service Clerk at the San Jose International Airport on November 29,

1985.[1]  During Lal's history of employment with American, covering 17 years and four months, Lal received positive reviews for his performance and was promoted to Crew Chief, a supervisory role.  On January 11, 2003, Lal experienced chest pains at work and sought treatment at Kaiser Permanente Hospital ("Kaiser"), where Lal was diagnosed with hypertension.  Lal notified his supervisors that he would be taking medical leave for one week.  During that time, Lal continued to experience symptoms of hypertension and sought medical treatment again from his physician, who thereupon issued a medical note recommending that Lal be reassigned to a non-supervisory position.  Lal provided the physician's note to American and his local union in support of the medical accommodation Lal requested.  During this period, American indicated that Lal, upon return to work, would be reassigned to the San Francisco International Airport facility.

On January 24, 2003, Lal wrote both American's San Jose General Manager and Ramp Services Manager, requesting a date to return to work and certain medical accommodations.  On January 29, 2003, Lal received correspondence from an American customer service manager who requested that Lal submit a completed *Medical Authorization Application for Sick Leave of Absence* form ("sick leave form") and *Medical Psychiatric Information Request* form ("psychiatric form") to American by February 7, 2003.  American further advised Lal that if he did not return both forms by that deadline, Lal would not be able to return to work.

Lal returned the completed sick leave form to American after the February 7, 2003 deadline, but never submitted the psychiatric form.  Lal alleges that he was not able to provide American with a completed psychiatric form because he was never treated for nor placed on medical leave for a psychiatric illness.  The absence of such treatment notwithstanding, Lal contends that American's San Francisco Customer Service Manager repeatedly accused him of insubordination and threatened to terminate him for failure to return the psychiatric form.

Indeed, on March 4, 2003, American terminated Lal's employment for failure to return such a form. At some time prior to Lal's termination, he filed a Workers' Compensation claim for industrial injury

---

[1] For purposes of this motion, the facts recited are those averred in Lal's first amended complaint.

2

resulting in hypertension.

## III. STANDARDS

In ruling on a motion to dismiss, the Court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). The liberal pleading standards of the Federal Rules of Civil Procedure do not require the claimant to set out in detail the facts upon which the claim is based. Fed. R. Civ. P. 8(a) requires a claimant to set forth only a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for judgment.

A complaint is subject to dismissal as a matter of law for: (1) lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). In order to grant a motion to dismiss, it must appear to a certainty that a plaintiff would not be entitled to relief under any set of facts which could be proved. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

## IV. DISCUSSION

### A. Intentional Infliction of Emotional Distress

The elements of a prima facie case for the tort of intentional infliction of emotional distress require a showing of, 1) extreme and outrageous conduct by the defendant; 2) defendant's intent to cause, or reckless disregard of the probability of causing, emotional distress; 3) severe or extreme emotional distress experienced by plaintiff; and, 4) actual and proximate causation linking the emotional distress to defendant's outrageous conduct. Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982). Outrageous conduct is defined as conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Yu v. Signet Bank, 69 Cal.App.4th 1377, 1398 (1999). Behavior may be considered outrageous if a defendant, 1) abuses a relation or position which gives him power to damage the plaintiff's interest; 2) knows that plaintiff is susceptible to injuries through mental distress; and, 3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress. Cole v.

Fair Oaks Fire Protection Dist., 43 Cal.3d 148, 155 (1987).

American argues that Lal's claim for intentional infliction of emotional distress should be dismissed because, 1) Lal fails to plead the requisite element of "extreme and outrageous conduct" and, 2) Lal does not allege sufficient facts to support his claim. American contends that Lal has only alleged facts which relate to personnel management decisions, which it argues cannot form the basis for an intentional infliction of emotional distress claim, based on the holding in Janken v. GM Hughes Electronics, 46 Cal.App.4th 55, 80 (1996).

Lal responds that the complaint sufficiently pleads that American's conduct was outrageous, in that he avers American intentionally abused its position of power to cause him damage, with knowledge that Lal was susceptible to mental injury[2]. Lal claims that American "harassed" him to submit a psychiatric form, which was allegedly impossible for Lal to provide, for the purpose of causing him to suffer humiliation, mental anguish, and emotional and physical stress.

### 1. Personnel Management Decisions as Outrageous Conduct

American argues that Lal's claim for intentional infliction of emotional distress must fail because personnel management decisions do not amount to "outrageous conduct." Janken v. GM Hughes Electronics, 46 Cal.App.4th 55, 80 (1996). Janken, however, found only that an individual supervisor, as opposed to an *employer*, could not be held liable for discrimination or intentional infliction of emotional distress for personnel management decisions that were within the realm of the supervisor's authority. Id. at 79-80. Although the court went on to state that an *employer* can be held liable for discrimination based on improperly motivated personnel management decisions, it did not clearly answer whether the employer can be held liable for intentional infliction of emotional distress. Id. at 80. Thus, Janken does not necessarily preclude a plaintiff from bringing an intentional infliction of emotional distress claim against his employer, on the basis of personnel management decisions that are alleged to violate public policy.

Other California courts have addressed the issue of whether an employer can be held liable for

---

[2] Lal asserts that American was aware he suffered from a stress related mental condition because: 1) American received a letter from Lal's physician, which explained that he was experiencing stress related health problems and requested that Lal be reassigned to a non-supervisory position, and 2) American had constructive knowledge that a claim for Workers' Compensation benefits had been filed for an industrial injury resulting in hypertension.

intentional infliction of emotional distress for actions that relate to personnel management acts that contravene public policy.  Phillips v. Gemini Moving Specialists, 63 Cal.App.4th 563 (1998).   In Phillips, the court found that a claim for intentional infliction of emotional distress may exist in conjunction with a claim for employment discrimination in violation of public policy, because the emotional distress claim was "simply a component of compensatory damages." Id. at 577.   Relying on the Philips case, the court in Jelincic v. Xerox Corporation, No. C-04-2930, 2004 WL 2217643, at *6 (N.D.Cal. 2004), found that the plaintiff, who asserted a claim for wrongful termination in violation of public policy, as well as discrimination and retaliation, could also file a claim for intentional infliction of emotional distress, so long as the pleading is not ambiguous and delineates the outrageous conduct by the employer and its employees. Id. at 7.  Thus, personnel management decisions in violation of public policy can form the basis for a claim of intentional infliction of emotional distress.

### 2. Alleged Facts Do Not Amount to Outrageous Conduct

Notwithstanding the liberal federal pleading standards which relieve the claimant from reciting extensive factual detail, Lal here simply has not averred sufficient facts to support the element of "outrageous conduct," and thereby to provide American with sufficient notice of the basis for recovery. Although Lal contends that he was especially susceptible to emotional distress due to hypertension and that American had constructive knowledge of his condition, Lal has not alleged any specific facts which would indicate, if proven, that American abused its power, harassed him, or otherwise acted in a way that could be characterized as "outrageous" or "extreme."  Lal merely avers, in both his first amended complaint and at oral argument, that the American Customer Service Manager met with Lal on one occasion, accused Lal of insubordination and then sent a follow-up letter, advising him that he would be placed on non-payment status if he did not submit the required psychiatric form.  Lal concedes that American had the right to request the completed form before permitting Lal to return to work.  Lal avers no other facts in the first amended complaint to identify "outrageous" conduct on which Lal could base his claim for relief.  As a result, defendant's motion to dismiss plaintiff's third claim is granted with leave to amend to permit Lal, if he is able in good faith, to advance facts which, if proved, would show outrageous conduct by American.

B. <u>Negligent Infliction of Emotional Distress</u>

A negligent infliction of emotional distress claim is a "variant of the tort of negligence and requires proof of duty, breach, causation and damages." <u>Garcia v. Williams</u>, 704 F.Supp. 984, 1004 (N.D.Cal. 1988). American moves to dismiss Lal's negligent infliction of emotional distress claim on the grounds that, 1) Lal fails to state a claim as a matter of law and, 2) Lal fails to allege sufficient facts to support the claim.

1. <u>Lal's Fourth Claim is Not Barred as a Matter of Law</u>

American argues that California law does not recognize claims based on negligence arising from the employment relationship. <u>Hine v. Dittrich</u>, 228 Cal.App.3d 59 (1991). That decision, however, does not answer whether or not an employee's claim for negligent infliction of emotional distress against an employer is barred. In <u>Hine</u>, the plaintiff, whose employment was terminated when he refused to attend a company meeting in order to avoid a coworker who had threatened to harm him, filed suit against the employer for negligent supervision, under a claim for breach of the covenant of good faith and fair dealing. <u>Id</u>. at 61. The Court dismissed the plaintiff's claim, finding that an employee cannot recover tort damages for breach of the covenant of good faith and fair dealing due to his employment termination. <u>Id</u>. at 63-64. The Court's decision was guided by the ruling in <u>Foley v. Interactive Data Corp.</u>, 47 Cal.3d 654 (1988), which held that an employment relationship is contractual in nature, and thus, as long as the employee's termination does not contravene public policy, it does not give rise to tort damages. The holding in <u>Hine</u> is narrow and therefore, does not, as a matter of law, bar Lal's claim because he avers the harm he suffered resulted from work injury discrimination, an act contrary to public policy and, therefore, outside the scope of a normal employee-employer relationship. <u>City of Moorpark v. Superior Court</u>, 18 Cal.4th 1143, 1155 (1998).

Similarly, <u>Edwards v. United States Fidelity Guaranty Co.</u>, 848 F.Supp.1460, 1466 (N.D.Cal. 1994), relied upon by American, does not doom Lal's claim as a matter of law. <u>Edwards</u> only addressed whether negligent infliction of emotional distress claims are available when the plaintiff's claim arises out of an employer's conduct within the scope of employment. It does not address whether a negligent infliction of emotional distress claim is available when the plaintiff alleges work injury related discrimination.

American further argues that a negligence claim arising from an employment relationship is barred by the Workers' Compensation Act, California Labor Code §§ 3200 et seq, citing <u>Coit Draper Cleaners,</u>

Inc. v. Sequoia Ins. Co., 14 Cal.App.4th 1595 (1993).  In Coit, the court reiterated the rule that negligence claims arising out of the normal employer-employee relationship are preempted by the Workers' Compensation Act, while acts outside the relationship are not.  Accordingly, Coit did not address the situation presented here, namely, allegations concerning work injury discrimination, which have been held to be outside the normal risk of employment.  City of Moorpark v. Superior Court, 18 Cal.4th 1143, 1155 (1998).

Finally, to support its argument that Lal's claim fails as a matter of law, American argues that Lal's reliance on Fretland v. County of Humboldt, 69 Cal.App.4th 1478 (1999) is flawed because the Fretland decision itself was erroneous and ignores the ruling in Robomatic, Inc. v. Vetco Offshore, 225 Cal.App.3d 270 (1990).  American argues that the court in Fretland extended the California Supreme Court's decision in City of Moorpark v. Superior Court, 18 Cal.4th 1143 (1998) too far, as Moorpark did not address negligent infliction of emotional distress, but rather, merely decided that the Fair Employment Housing Act and common law claims for wrongful termination in violation of public policy are outside the exclusive remedies of the Workers' Compensation Act.  American correctly points out that it is wrong to read Moorpark as holding that the Workers' Compensation Act is not the exclusive remedy for a negligent infliction of emotional distress claim.  At the same time, however, Moorpark is not inconsistent with the decision in Fretland connecting Moorpark's finding that work-related injury discrimination is not a normal risk of employment with Livistanos v. Superior Court, 2 Cal.4th 744 (1992), holding that emotional distress claims are prohibited only if based on such "normal" risks.  Integrating the decisions of these courts, Fretland states that negligent infliction of emotional distress claims are not barred by the Workers' Compensation Act where work-related injury discrimination is involved.

Further, Fretland is not inconsistent with Robomatic, Inc. v. Vetco Offshore.  Contrary to American's more expansive interpretation, Robomatic states simply that the Workers' Compensation Act provides the exclusive remedy if the negligent infliction of emotional distress claim arises out of termination flowing from the normal employment relationship. The Robomatic holding is limited to circumstances in which the claimant alleges that the injury resulted only from the termination itself, and that the termination arose out of the ordinary employer-employee relationship.

7

In short, no case authority appears to prohibit an employee from bringing a negligent infliction of emotional distress claim for injuries arising outside the scope of a normal employer-employee relationship, the Workers' Compensation Act, or other California law.  Lal's fourth claim for negligent infliction of emotional distress is, therefore, not barred as a matter of law, and the motion rests on whether Lal has alleged sufficient facts in his pleading to withstand a motion to dismiss.

### 2. Lal's Fourth Claim is Not Supported by Sufficient Facts

As American notes, the first amended complaint fails to clarify the nature of Lal's negligence claim.  While the negligence claim, according to Lal, is pled "in the alternative," that does not relieve him of the obligation to plead sufficient facts that delineate what conduct on American's part was negligent.  As the first amended complaint currently stands, Lal only pleads intentional conduct by American.  Therefore, American's motion to dismiss Lal's fourth claim is granted with leave to amend to permit Lal, if he is able to do so in good faith, to plead facts that show American was negligent.

### V. CONCLUSION

For the reasons stated herein, the Court grants American's motion to dismiss Lal's third and fourth claims for relief with leave to amend.  If Lal so elects, he may file an amended complaint within thirty days of this order.  If no amended complaint is timely filed, the case will proceed on Lal's remaining claims for relief.

IT IS SO ORDERED.

Dated:  10/4/05                                                                    /s/ Richard Seeborg
                                                                                        RICHARD SEEBORG
                                                                                        United States Magistrate Judge

8

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Margaret G. Akdeniz    mga@advancelegalgroup.com, inquire@advancelegalgroup.com

Paula Champagne    pchampagne@littler.com

Matthew J. Ruggles    mruggles@littler.com, gprevatt@littler.com

**Dated:** 10/4/05                                **Chambers of Judge Richard Seeborg**

**By:**    /s/ BAK