**United States District Court**
For the Northern District of California

1
2
3                                                                    **\*E-FILED 1/5/06\***
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                            SAN JOSE DIVISION
11
12   ASHOK LAL,                                    NO. 5:05-cv-3080 RS
              Plaintiff,                    **ORDER GRANTING MOTION TO**
13     v.                                   **DISMISS FOURTH CLAIM AND**
                                            **DENYING MOTION TO DISMISS**
14   AMERICAN AIRLINES,                     **THIRD CLAIM**
15            Defendant.
16   _____/
17                              I.  INTRODUCTION
18        Defendant American Airlines ("American") moves to dismiss the third and fourth claims pled in the
19   second amended complaint filed by plaintiff Ashok Lal ("Lal"), arguing that the amended pleading was not
20   timely filed and that the fourth claim for relief fails to allege facts sufficient to state a claim for the negligent
21   infliction of emotional distress.  Lal opposes the motion and responds that he filed the amended complaint
22   as soon as the Court's electronic filing system was available and argues that he has pled sufficient facts to
23   state a claim for the negligent infliction of emotional distress.  The motion was fully briefed and submitted on
24   the papers pursuant to Civil L.R. 7-1(b).  Based on all papers filed to date, the Court grants American's
25   motion to dismiss Lal's fourth claim for relief since no facts are pled which suggest negligent conduct on the
26   part of American, but denies the motion to dismiss the third claim for relief since the electronic filing system
27   was unavailable until November 7, 2005, as explained below.
28                              II.  BACKGROUND

Since the complete factual background concerning this case was set forth in the Court's prior order granting American's motion to dismiss the third and fourth claims for relief with leave to amend, it will not be repeated here.  Lal was employed by American as a Fleet Service Clerk at the San Jose International Airport for over 17 years.  In January 2003, he experienced chest pains at work and sought treatment at Kaiser Permanente Hospital ("Kaiser"), where he was diagnosed with hypertension.  Lal took medical leave and, thereafter, requested that he be permitted to return to work in a non-supervisory position in light of his medical condition. Despite his request for medical accommodation, Lal was informed by American that, upon his return to work, he would be reassigned to the San Francisco International Airport facility. Lal later filed a Workers' Compensation claim for industrial injury resulting in hypertension.

In the meantime, American told Lal that, before he could return to work, he must submit a completed *Medical Authorization Application for Sick Leave of Absence* form ("sick leave form") and a *Medical Psychiatric Information Request* form ("psychiatric form"). Although Lal returned the completed sick leave form to American, he never submitted the psychiatric form, claiming that he could not complete it because he was never treated for nor placed on medical leave for a psychiatric illness.  As a result, on March 4, 2003, American terminated Lal's employment for failure to return the psychiatric form. Lal then filed this action, claiming wrongful termination and alleging claims for both intentional and negligent infliction of emotional distress.

In a prior motion to dismiss, American argued that Lal's claim for relief based on negligent infliction of emotional distress was insufficient since it pled only facts setting forth intentional actions.  Moreover, with respect to his claim for intentional infliction of emotional distress, American argued that Lal failed to plead facts which, if proved, would show outrageous conduct by American. The Court agreed with American and, in an order issued on October 4, 2005,  granted Lal thirty days to amend his claims for emotional distress. As a result, Lal's amended complaint was due on November 3, 2005.

On November 7, 2005, Lal filed an amended complaint. American again moves to dismiss the third and fourth claims for intentional and negligent infliction of emotional distress, respectively, noting that Lal failed to comply with the Court's order by filing the amended complaint after more than thirty days and arguing that the amended fourth claim for relief still fails to state facts which support a claim that American

United States District Court

For the Northern District of California

1    engaged in negligent conduct towards Lal.

2                                        III.  STANDARDS

3           In ruling on a motion to dismiss, the Court must accept as true all allegations of material fact and

4    must construe those allegations in the light most favorable to the non-moving party.  Western Reserve Oil &

5    Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985).  Any existing ambiguities must be resolved in

6    favor of the pleading.  Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).  The liberal

7    pleading standards of the Federal Rules of Civil Procedure do not require the claimant to set out in detail

8    the facts upon which the claim is based.   Instead, Fed. R. Civ. P. 8(a) requires a claimant to set forth only

9    a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain

10   statement of the claim showing that the plaintiff is entitled to relief, and a demand for judgment.

11          A complaint is subject to dismissal as a matter of law for: (1) lack of a cognizable legal theory or

12   (2) insufficient facts stated under a cognizable theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d

13   530, 533-34 (9th Cir. 1984).  In order to grant a motion to dismiss, it must appear to a certainty that a

14   plaintiff would not be entitled to relief under any set of facts which could be proved.  Wool v. Tandem

15   Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

16                                       IV.  DISCUSSION

17          A.  Timeliness of Amended Complaint

18          Although Lal acknowledges that his amended complaint was due on November 3, 2005, his

19   counsel explains that she attempted to file the amended pleading electronically on that day but was unable

20   to do so due to the fact that the system was not operational. In fact, it is correct that, due to an upgrading of

21   the Court's electronic filing system, no party could file any documents from 3:00 p.m. on November 3,

22   2005 until the following Monday morning, November 7, 2005.  As a result, and pursuant to the provisions

23   of General Order No. 45, which provide that if the electronic system becomes subject to a technical failure

24   for a period of more than 24 hours, then any documents due to be filed shall become due on the next

25   available business day following the technical failure, the amended complaint was timely filed on November

26   7, 2005.  Accordingly, American's motion to dismiss Lal's third and fourth claims for relief on the basis that

27   they were not filed in a timely manner is denied.

28
                                                3

**United States District Court**
For the Northern District of California

1    B.  <u>Negligent Infliction of Emotional Distress</u>

2        American also moves to dismiss Lal's fourth claim for relief, negligent infliction of emotional distress,

3    arguing that the facts pled fail to allege any negligent conduct on the part of American.  As the Court

4    previously informed Lal, while he is permitted to plead negligence "in the alternative," that does not relieve

5    him of the obligation to plead sufficient facts which delineate negligent conduct by American.  Despite that

6    admonition, Lal's amended complaint again pleads only intentional conduct alleged to have been committed

7    by American.  Moreover, the arguments advanced by Lal in opposition to this motion fail to address that

8    deficiency.  As a result, American's motion to dismiss Lal's fourth claim for relief without further leave to

9    amend is granted.

10                                    V.  CONCLUSION

11        For the reasons stated above, the Court grants American's motion to dismiss Lal's fourth claim for

12   relief without leave to amend since no facts are alleged which support a claim that American acted

13   negligently towards Lal.  The motion to dismiss Lal's third claim for relief is denied on the basis that such

14   claim was timely filed since the Court's electronic filing system was not operational as of 3:00 pm on

15   November 3, 2005.

16   IT IS SO ORDERED.

17   Dated:  1/5/06                              /s/ Richard Seeborg
                                                 RICHARD SEEBORG
18                                               United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28                                         4

1    **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

2    Margaret G. Akdeniz    mga@advancelegalgroup.com, inquire@advancelegalgroup.com

3    Paula Champagne    pchampagne@littler.com

4    Matthew J. Ruggles    mruggles@littler.com, gprevatt@littler.com

5

6    **Dated: 1/5/06**                                    **Chambers of Judge Richard Seeborg**

7                                                              **By:**          **/s/ BAK**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California